IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PNC BANK, NATIONAL ASSOCIATION,** successor to National City Bank<br>222 Delaware Avenue<br>Wilmington, Delaware 19801 | )<br>)<br>)<br>)<br>) | **CASE NO.:** _____<br><br>**JUDGE** _____ |
| Plaintiff, | )<br>) | **COMPLAINT ON COGNOVIT** |
| v. | )<br>) | **PROMISSORY NOTES AND**<br>**COGNOVIT GUARANTIES** |
| **INDUSTRIAL TRANSPORT, INC.**<br>2330 East 79th St.<br>Cleveland, Ohio 44104 | )<br>)<br>)<br>) | |
| and | ) | |
| **INDUSTRIAL INVENTORY SOLUTIONS, LTD.**<br>2330 East 79th St.<br>Cleveland, Ohio 44104 | )<br>)<br>)<br>) | |
| and | ) | |
| **INTRANS, INC.**<br>2330 East 79th St.<br>Cleveland, Ohio 44104 | )<br>)<br>) | |
| and | ) | |
| **INDUSTRIAL REPAIR SERVICES, INC.**<br>2330 East 79th St.<br>Cleveland, Ohio 44104 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff PNC Bank, National Association, successor to National City Bank ("PNC"), by and through its undersigned counsel, alleges against the Defendants as follows:

## NATURE OF ACTION

## PARTIES

### Plaintiff

1. Plaintiff PNC is a national banking association with its principal offices located at 222 Delaware Avenue, Wilmington, Delaware 19801.

### Defendants

2. Defendant Industrial Transport, Inc. ("Ind. Transport") is an Ohio corporation with its principal offices located at 2330 East 79th Street, Cleveland, Ohio 44104.

3. Defendant Industrial Inventory Solutions, Inc. ("IIS") is an Ohio corporation with its principal offices located at 2330 East 79th Street, Cleveland, Ohio 44104.

4. Defendant Intrans, Inc. ("Intrans") is an Ohio corporation with its principal offices located at 2330 East 79th Street, Cleveland, Ohio 44104.

5. Defendant Industrial Repair Services, Inc. ("IRS") is an Ohio corporation with its principal offices located at 2330 East 79th Street, Cleveland, Ohio 44104.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), in that PNC and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b).

## COUNT I

8. Ind. Transport executed and delivered to PNC that certain Promissory Note, dated December 10, 2007, in the original principal amount of $3,050,000.00 (as amended, "Note A"), which Note A was executed to evidence a loan made by PNC to Ind. Transport. A true and accurate copy of Note A is attached hereto as Exhibit A.

9. Ind. Transport is in default under the terms of Note A for the following reasons: (i) Note A matured on June 1, 2010 and Ind. Transport has failed to make payment in full as required; (ii) Ind. Transport is not currently in good standing with the Ohio Secretary of State; (iii) Ind. Transport is in imminent danger of running out of operating funds, which is a material adverse change; and (iv) other creditors have taken judgment against Ind. Transport.

10. As of June 15, 2010, there was due and owing to PNC under Note A the aggregate sum of **$3,066,203.13**, consisting of (a) unpaid principal in the amount of $3,050,000.00 and (b) accrued and unpaid interest through June 15, 2010 in the amount of $16,203.13, with interest continuing to accrue after June 15, 2010 at the variable default interest rate [Prime + 3.00% per annum], as set forth in Note A.

11. PNC is entitled to payment of its attorneys' fees and expenses under Note A.

12. Note A arose out of a business transaction and not out of a consumer loan or consumer transaction.

13. Note A contains a warrant of attorney.

14. PNC is the holder in due course of, and is in possession of, Note A.

## COUNT II

15. Ind. Transport executed and delivered to PNC that certain Commercial Note: Demand Line of Credit, dated September 6, 2000, in the original principal amount of

$1,500,000.00 (as amended, "Note B"), which Note B was executed to evidence a loan made by PNC to Ind. Transport. A true and accurate copy of Note B is attached hereto and incorporated herein by reference as <u>Exhibit B</u>.

16. Note B is a demand note.

17. As of June 15, 2010, there was due and owing to PNC under Note B the aggregate sum of **$455,801.57**, consisting of (a) unpaid principal in the amount of $453,753.44 and (b) accrued and unpaid interest through June 15, 2010 in the amount of $2,048.13 with interest continuing to accrue after June 15, 2010 at the variable default interest rate [Prime + 3.50% per annum] as set forth in Note B.

18. PNC is entitled to payment of its attorneys' fees and expenses under Note B.

19. Note B arose out of a business transaction and not out of a consumer loan or consumer transaction.

20. Note B contains a warrant of attorney.

21. PNC is the holder in due course of and is in possession of Note B.

## COUNT III

22. Ind. Transport executed and delivered to PNC that certain Commercial Term Note, dated April 24, 2009, in the original principal amount of $50,150.00 (as amended, "Note C", and collectively with Note A and Note B, the "Notes"), which Note C was executed to evidence a loan made by PNC to Ind. Transport.

23. Ind. Transport is in default under the terms of Note C for the following reasons: (i) Note C matured on May 7, 2010 and Ind. Transport has failed to make payment in full as required; (ii) Ind. Transport is not currently in good standing with the Ohio Secretary of State;

4

(iii) Ind. Transport is in imminent danger of running out of operating funds, which is a material adverse change; and (iv) other creditors have taken judgment against Ind. Transport.

24. As of June 15, 2010, there was due and owing to PNC under Note C the aggregate sum of **$20,113.76**, consisting of (a) unpaid principal in the amount of $20,000.00 and (b) accrued and unpaid interest through June 15, 2010 in the aggregate amount of $55.42, with interest continuing to accrue on the unpaid principal balance after June 15, 2010 at the variable default interest rate [Prime + 4.00% per annum], as set forth in Note C.

25. PNC is entitled to payment of its attorneys' fees and expenses under Note C.

26. Note C arose out of a business transaction and not out of a consumer loan or consumer transaction.

27. Note C contains a warrant of attorney.

28. PNC is the holder in due course of and is in possession of Note C.

## COUNT IV

29. Intrans executed and delivered to PNC that certain Guaranty, dated January 12, 2006 (the "Intrans Guaranty"), in order to guaranty all indebtedness owing by Ind. Transport to PNC. A true and accurate copy of the Intrans Guaranty is attached hereto and incorporated herein by reference as Exhibit D.

30. The Intrans Guaranty is in default for failure to make payments under the Notes.

31. As of June 15, 2010, there was due and owing to PNC under the Intrans Guaranty the aggregate sum of **$3,542,118.46**.

32. The Intrans Guaranty arose out of a business transaction and not out of a consumer loan or consumer transaction.

33. The Intrans Guaranty contains a warrant of attorney.

34. PNC is the holder in due course of the Intrans Guaranty.

**COUNT V**

35. IIS executed and delivered to PNC that certain Commercial Guaranty, dated December 10, 2007 (the "IIS Guaranty"), in order to guaranty all indebtedness owing by Ind. Transport to PNC. A true and accurate copy of the IIS Guaranty is attached hereto and incorporated herein by reference as Exhibit E.

36. The IIS Guaranty is in default for failure to make payments under the Notes.

37. As of June 15, 2010, there was due and owing to PNC under the IIS Guaranty the aggregate sum of **$3,542,118.46**.

38. The IIS Guaranty arose out of a business transaction and not out of a consumer loan or consumer transaction.

39. The IIS Guaranty contains a warrant of attorney.

40. PNC is the holder in due course of the IIS Guaranty.

**COUNT VI**

41. IRS executed and delivered to PNC that certain Guaranty, dated January 12, 2006 (the "IRS Guaranty"), in order to guaranty all indebtedness owing by Ind. Transport to PNC. A true and accurate copy of the IRS Guaranty is attached hereto and incorporated herein by reference as Exhibit F.

42. The IRS Guaranty is in default for failure to make payments under the Notes.

43. As of June 15, 2010, there was due and owing to PNC under the IRS Guaranty the aggregate sum of **$3,542,118.46**.

44. The IRS Guaranty arose out of a business transaction and not out of a consumer loan or consumer transaction.

45. The IRS Guaranty contains a warrant of attorney.

46. PNC is the holder of the IRS Guaranty.

WHEREFORE, PNC prays for judgment against Ind. Transport, Intrans, IIS and IRS as follows:

On Count I of the Complaint:

(i) Judgment in favor of PNC against Ind. Transport in the amount of **$3,066,203.13**, plus interest on the unpaid principal balance of Note A, from and after June 15, 2010, at the variable default interest rate [Prime + 3.00% per annum] as set forth in Note A, together with applicable late charges as set forth in Note A;

(ii) The reasonable attorneys' fees and expenses incurred by PNC in the enforcement and collection on Note A; and

(iii) All other relief to which PNC is entitled, either at law or in equity, all at the cost of Ind. Transport.

On Count II of the Complaint:

(i) Judgment in favor of PNC against Ind. Transport in the amount of **$455,801.57**, plus interest on the unpaid principal balance of Note B, from and after June 15, 2010, at the variable default interest rate [Prime + 3.50% per annum] as set forth in Note B, together with applicable late charges as set forth in Note B;

(ii) The reasonable attorneys' fees and expenses incurred by PNC in the enforcement and collection on Note B; and

(iii) All other relief to which PNC is entitled, either at law or in equity, all at the cost of Ind. Transport.

On Count III of the Complaint:

(i) Judgment in favor of PNC against Ind. Transport in the amount of **$20,113.76**, plus interest on the unpaid principal balance of Note C, from and after June 15, 2010, at the variable default interest rate [Prime + 4.00% per annum] as set forth in Note C, together with applicable late charges as set forth in Note C;

(ii) The reasonable attorneys' fees and expenses incurred by PNC in the enforcement and collection on Note C; and

(iii) All other relief to which PNC is entitled, either at law or in equity, all at the cost of Ind. Transport.

On Count IV of the Complaint:

(i) Judgment in favor of PNC against Intrans in the amount of **$3,542,118.46**, plus interest on the unpaid principal balance of the Notes, from and after June 15, 2010, at the variable default interest rates as set forth in the Notes, together with applicable late charges as set forth in Notes;

(ii) The reasonable attorneys' fees and expenses incurred by PNC in the enforcement and collection on the Intrans Guaranty; and

(iii) All other relief to which PNC is entitled, either at law or in equity, all at the cost of Intrans.

On Count V of the Complaint:

(i) Judgment in favor of PNC against IIS in the amount of **$3,542,118.46**, plus interest on the unpaid principal balance of the Notes, from and after June 15, 2010, at the variable default interest rates as set forth in the Notes, together with applicable late charges as set forth in Notes;

8

  (ii) The reasonable attorneys' fees and expenses incurred by PNC in the enforcement and collection on the IIS Guaranty; and

  (iii) All other relief to which PNC is entitled, either at law or in equity, all at the cost of IIS.

  <u>On Count VI of the Complaint</u>:

  (i) Judgment in favor of PNC against IRS in the amount **$3,542,118.46**, <u>plus</u> interest on the unpaid principal balance of the Notes, from and after June 15, 2010, at the variable default interest rates as set forth in the Notes, together with applicable late charges as set forth in Notes;

  (ii) The reasonable attorneys' fees and expenses incurred by PNC in the enforcement and collection on the IRS Guaranty; and

  (iii) All other relief to which PNC is entitled, either at law or in equity, all at the cost of IRS.

        VORYS, SATER, SEYMOUR AND PEASE LLP

        /s/ *John Winship Read*
        John Winship Read (0030827)
        Drew T. Parobek (0016785)
        Elizabeth A. Davis (0082186)
        Jennie L. Church (0080562)
        2100 One Cleveland Center
        1375 East Ninth Street
        Cleveland, OH 44114-1724
        (216) 479-6100 Telephone
        (216) 479-6060 Facsimile
        jwread@vorys.com
        dtparobek@vorys.com
        eadavis@vorys.com
        jlchurch@vorys.com

        *Attorneys for PNC Bank, National Association*