**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor to National City Bank ) ) ) | Case No.: 10-cv-01349 |
| ) | JUDGE PATRICIA A. GAUGHAN |
| Plaintiff, ) ) | |
| v. ) ) | |
| INDUSTRIAL TRANSPORT, INC., *et al.*,[1] ) ) | |
| Defendants. ) | |

**NOTICE OF FILING RECEIVER'S MOTION FOR AN ORDER: (I) AUTHORIZING RECEIVER TO MAKE FINAL DISTRIBUTIONS; (II) CERTIFYING THAT RECEIVER'S DUTIES ARE COMPLETE; AND (III) GRANTING OTHER RELIEF**

On October 12, 2010, Meridian Advisors of Ohio, the appointed receiver in the above-captioned case, filed the *Receiver's Motion for an Order: (I) Authorizing Receiver to make Final Distributions; (II) Certifying that Receiver's Duties are Complete; and (III) Granting Other Relief* (the "Motion").  A copy of the Motion is available for viewing at the following website: http://www.calfee.com/aboutus/casestudies.page..  Alternatively, any party wishing to receive a copy of the Motion may contact Christine P. Buddner at cbuddner@calfee.com or (216) 622-8200.

If you do not want the court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then on or before **November 2, 2010**, you or your attorney must:

1. File with the court a written response to the Motion, explaining your position at:

**United States District Court**
**Northern District of Ohio, Eastern Division**
**Carl B. Stokes United States Court House**
**801 West Superior Avenue**
**Cleveland, Ohio 44113-1830**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

You must also mail a copy to the following parties so that it is received on or before the

---

[1] The Defendants are: Industrial Transport, Inc., Industrial Inventory Solutions, Ltd., Intrans, Inc and Industrial Repair Services, Inc.

{00896722.DOC;4 }

date stated above:

**Jean R. Robertson, Esq.**
**Nathan A. Wheatley, Esq.**
**Calfee, Halter & Griswold LLP**
**800 Superior Ave., Suite 1400**
**Cleveland, OH 44114**

2. If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the relief sought in the Motion, and may enter an order granting that relief without a hearing.**

Dated: October 12, 2010　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Nathan A. Wheatley*
　　　　　　　　　　　　　　　　　　　　　　　Jean R. Robertson (0069252)
　　　　　　　　　　　　　　　　　　　　　　　Nathan A. Wheatley (0072192)
　　　　　　　　　　　　　　　　　　　　　　　CALFEE, HALTER & GRISWOLD LLP
　　　　　　　　　　　　　　　　　　　　　　　800 Superior Avenue, Suite 1400
　　　　　　　　　　　　　　　　　　　　　　　Cleveland, Ohio 44114
　　　　　　　　　　　　　　　　　　　　　　　Telephone:　(216) 622-8200
　　　　　　　　　　　　　　　　　　　　　　　Facsimile:　(216) 241-0816
　　　　　　　　　　　　　　　　　　　　　　　E-mail:　　jrobertson@calfee.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　nwheatley@calfee.com

　　　　　　　　　　　　　　　　　　　　　　　COUNSEL FOR THE RECEIVER

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, successor to National City Bank | ) ) ) Case No.: 10-cv-01349 |
| Plaintiff, | ) JUDGE PATRICIA A. GAUGHAN ) ) |
| v. | ) ) |
| INDUSTRIAL TRANSPORT, INC., *et al.*,[2] | ) ) |
| Defendants. | ) |

## RECEIVER'S MOTION FOR AN ORDER: (I) AUTHORIZING RECEIVER TO MAKE FINAL DISTRIBUTIONS; (II) CERTIFYING THAT RECEIVER'S DUTIES ARE COMPLETE; AND (III) GRANTING OTHER RELIEF

Meridian Advisors of Ohio, the appointed Receiver in the above-captioned case (the "Receiver"), hereby moves (the "Motion") the Court pursuant to Local Rule 66.1(d) and the Appointment Order (defined below) for entry of an order: (i) authorizing the Receiver to issue final distributions in this case; (ii) approving the Receiver's final report of his administration of the Property; (iii) certifying that the Receiver has completed the duties of the Receiver in accordance with this Court's Appointment Order; (iv) releasing and discharging the Receiver, its affiliates, assigns, directors, officers, stockholders, administrators, employees, agents and attorneys from all liability related to the Receivership, and indemnifying and holding harmless the Receiver, its affiliates, assigns, directors, officers, stockholders, administrators, employees, agents and attorneys; (v) approving the final fees and expenses of the Receiver and its counsel;

---

[2] The Defendants are: Industrial Transport, Inc., Industrial Inventory Solutions, Ltd., Intrans, Inc and Industrial Repair Services, Inc.

and (vi) authorizing the closure of the Receivership and this case.[3] In support of this Motion, the Receiver respectfully represent as follows:

## BACKGROUND

1. Defendants are all Ohio corporations with their principal offices located at 2330 East 79th Street, Cleveland, Ohio 44104.

2. Prior to the filing of the above lawsuit, each of the Defendants provided transportation services to various manufacturing facilities.

3. Beginning on or about September 6, 2000, the Defendants executed a series of commercial notes and guarantees with National City Bank. The nature and amount of these notes and guarantees are described in detail in Plaintiff's Complaint on Cognovit Promissory Notes and Cognovit Guaranties (the "Complaint"), filed with this Court on June 17, 2010 [Docket No. 1].

4. Prior to the filing of the Complaint, Plaintiff became the successor to National City Bank, and acquired National City Bank's interests in the commercial notes and guarantees executed by the Defendants.

5. On June 17, 2010 (the "Filing Date"), Plaintiff initiated the above-captioned proceeding by filing the Complaint against the Defendants for judgment on Plaintiff's then outstanding secured claims.

6. On the Filing Date, Plaintiff filed the Motion for Appointment of Receiver (the "Appointment Motion") [Docket No. 7], requesting that a Receiver be appointed to take control of the Defendants' Property, including its Business Operations, and to administer and sell the Defendants' Property for the benefit of Plaintiff and the Defendants' other creditors as necessary.

---

[3] All capitalized terms not otherwise defined herein shall have the meanings given to them in the Appointment Order.

7. On June 22, 2010, this Court entered the Agreed Judgment Entry to Complaint on Cognovit Promissory Notes and Cognovit Guaranties [Docket No. 10], wherein the Court awarded judgment in favor of Plaintiff on its Complaint.

8. Also on June 22, 2010, this Court entered the order approving the Appointment Motion (the "Appointment Order") [Docket No. 9], and appointing the Receiver.

9. On July 6, 2010, the Receiver filed the Receiver's Motion for the Retention of Counsel, seeking to retain Calfee, Halter & Griswold LLP ("Calfee") *nunc pro tunc* as of June 12, 2010 [Docket No. 11].  The Court entered an order granting the Receiver's Motion for the Retention of Calfee on July 8, 2010.

## FINAL REPORT

10. Upon its appointment on June 22, 2010, the Receiver took immediate steps to determine whether the Defendants would be able to sustain their operations in a cash flow neutral manner with the intent of selling the Property as a going concern.  The Receiver considered the following issues:

- Defendants' ability to operate in a cash flow neutral position while a buyer is sought;
- How much of a cash injection is needed while a sale is being finalized;
- Customers' acceptance of price increases and would price increases put the Defendants in jeopardy of losing customers;
- Would there be a potential recovery for the creditors in a liquidation scenario.

11. On June 23, 2010, the Receiver contacted all of the Defendants' most significant customers (Ford, Chrysler, Apple, Exel, Inc.) to inform them that a decision would be made within two (2) business days as to whether the Defendants would remain open and, if not, when

it would close.  At that time, the Receiver was informed that Ford would be switching to another vendor within two (2) weeks.

12. Analysis of the Defendants' cash position revealed that an immediate 20% price increase would be necessary to allow the Defendants to operate profitably (or on a cash neutral basis) while a potential sale would be pursued.  Customers were contacted and it was determined that a price increase would not be possible, because it would make the Defendants uncompetitive and lead to a loss of customers.

13. Ultimately, the Receiver determined that if the Defendants were to remain open for any period of time beyond what was necessary for an orderly wind down, it would require immediate capital to finance a sale and subsequent closure.  Accordingly, on June 25, 2010, the Receiver notified customers and employees that the Defendants would cease operations on July 2, 2010 and begin to liquidate its Property.

14. At the commencement of the Receivership, the Defendants' Property included machinery, equipment, cash and accounts receivable.  To date, all machinery and equipment has been sold pursuant to the terms of the Appointment Order or, in the case of Property subject to valid operating leases ("Leased Assets"), abandoned to the owner of the Leased Assets.  As of the filing of this Motion, the only Property remaining in the Receiver's possession is cash and uncollected accounts receivable (collectively, the "Liquidated Assets").

15. The Receiver has attempted to collect upon the Defendants' various overdue accounts receivable.  However, the Receiver has not been able to collect on all of the overdue accounts receivable, and it has determined that continuing to pursue the remaining overdue accounts receivable will result in an unnecessary and inappropriate drain upon the Receivership estate.

16. Attached hereto as <u>Exhibit A</u> are tables outlining revenues and expenses to date with recoveries and a current balance sheet for the Defendants. Exhibit A also reflects the Liquidated Assets as of the date of this Motion.

## **PROPOSED DISTRIBUTION TO CREDITOR**

17. Upon its appointment, the Receiver undertook an examination of the current and outstanding liabilities of the Defendants, and determined their amounts and priority of distribution based upon their respective secured or priority interests.

18. Based upon its review of the Defendants' books and records, the Receiver has determined that the Plaintiff possesses fully perfected, first priority liens and security interests in the Defendants' Property, including the Liquidated Assets. Plaintiff's liens and security interests are senior in priority to all other recorded or perfected security interests in the Property.

19. As of the filing of this Motion, the Defendants owe the Plaintiff in excess of 3.6 million dollars, which liability is secured by the Plaintiff's liens and security interests (the "<u>Secured Claim</u>").

20. The amount of the Secured Claim greatly exceeds the amount of the Liquidated Assets. The Receiver intends to surrender and assign all of the Liquidation Assets (less administrative costs and expenses) to Plaintiff, and does not anticipate that there will be any Property available for distribution to any of the remaining creditors of the Defendants.

21. Therefore, Receiver requests the authorization of this Court to surrender and assign all of the Liquidation Assets (less administrative costs and expenses) to Plaintiff in partial satisfaction of the Plaintiff's claim against the Defendants.

**FINAL FEES AND EXPENSES**

22. The final fees and expenses consist of outstanding and anticipated costs for the administration and closure of the Receivership, including the preparation and filing of this Motion, providing notice of the Motion to the Defendants' creditors, and the cost associated with the surrender and assignment of the Liquidated Assets to Plaintiff.

23. Pursuant to the Appointment Order, the Receiver requests approval of the following final fees and expenses:

　　i.　outstanding fees and expenses for actual, necessary and valuable services rendered by the Receiver for the period August 21, 2010 through closing of the Receivership, together with prior outstanding amounts of $27,609.14[4], for an aggregate amount of $32,609.14, as described on Exhibit B attached hereto;

　　ii.　outstanding fees and expenses for actual, necessary and valuable legal services rendered by Calfee, Halter & Griswold LLP, the Receiver's legal counsel, for the period August 1, 2010 through closing of the Receivership, together with prior outstanding amounts of $51,030.88[5], for an aggregate amount of $75,896.63, as described on Exhibit C attached hereto; and

　　iii.　outstanding Court costs as determined by the Court to be due and payable in this case.

**CONCLUSION OF ADMINISTRATION OF CASE AND DISCHARGE OF RECEIVER**

24. Upon approval of this Motion, the Receivership will be fully and finally administered, and the final fees and expenses will be satisfied under the terms of the Appointment Order and Local Rule 66.1.

---

[4] The amount includes $19,431.00 as described in the Notice of First Monthly Fee Application of Meridian Advisors of Ohio for the Period June 1, 2010 Through July 16, 2010 [Docket No. 14] and $8,178.04 as described in the Notice of Second Monthly Fee Application of Meridian Advisors of Ohio for the Period July 17, 2010 Through August 20, 2010 [Docket No. 18].

[5] The amount includes $25,412.78 as described in the Notice of First Monthly Fee Application of Calfee, Halter & Griswold LLP for the Period May 26, 2010 Through June 30, 2010 [Docket No. 15] and $25,618.10 as described in the Notice of Second Monthly Fee Application of Calfee, Halter & Griswold LLP for the Period July 1, 2010 Through July 31, 2010 [Docket No. 16].

25. In connection therewith and upon entry of an Order granting the Motion, the Receiver shall surrender administration, management and control of the Defendants to its officers, directors and shareholders. The Receiver shall further surrender all Books and Records in the Receiver's possession, custody and control to the Defendants' officers, directors and shareholders.

26. Section III of the Appointment Order provides for a stay of creditor suits and collection efforts pending further order of the Court. Upon approval of the final report, such stay will no longer be necessary. The Receiver accordingly requests that the Court terminate the stay.

27. Upon approval of the Motion, approval of the Final Report and Final Fee Report, surrender and assignment of the Liquidated Assets, and surrender of the administration, management and control of the Defendants to its officers, directors and shareholders, the Receiver shall be discharged and relieved of any further duties in this Receivership.

28. Finally, upon approval of the Motion, approval of the Final Report and Final Fee Report, surrender and assignment of the Liquidated Assets, and surrender of the administration, management and control of the Defendants to its officers, directors and shareholders, the Receiver requests the Court close this Receivership and this case.

## NOTICE

29. The Receiver has served a copy of this Motion upon (i) the Defendants, (ii) counsel for Defendants, (iii) Plaintiff, and (iv) counsel for Plaintiff (together, the "Service Parties"). Notice of this Motion will be served upon the Service Parties and all other parties that have a recorded interest in the Property, as set forth on the Certificate of Service attached hereto. The Receiver submits that such service of this Motion constitutes adequate and sufficient notice of this final report pursuant to applicable laws and rules of this Court.

**WHEREFORE,** the Receiver requests that this Court enter an order, substantially in the form attached hereto: (i) authorizing the Receiver to issue final distributions in this case; (ii) approving the Receiver's final report of his administration of the Property; (iii) certifying that the Receiver has completed the duties of the Receiver in accordance with this Court's Appointment Order; (iv) releasing and discharging the Receiver, its affiliates, assigns, directors, officers, stockholders, administrators, employees, agents and attorneys from any and all liability related to the Receivership, and indemnifying and holding the foregoing entities and persons harmless from all actions related to the Receivership; (v) approving the final fees and expenses of the Receiver; and (vi) authorizing the closure of the case.

Dated:  October 12, 2010

Respectfully submitted,

*/s/ Nathan A. Wheatley*
Jean R. Robertson (0069252)
Nathan A. Wheatley (0072192)
CALFEE, HALTER & GRISWOLD LLP
800 Superior Avenue, Suite 1400
Cleveland, Ohio  44114
Telephone:    (216) 622-8200
Facsimile:     (216) 241-0816
E-mail:         jrobertson@calfee.com
                    nwheatley@calfee.com

COUNSEL FOR THE RECEIVER